**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| SOCLEAN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-10351-IT |
| | ) | |
| SUNSET HEALTHCARE SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF SUNSET'S MOTION TO STRIKE
SOCLEAN'S SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 7**

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................1

II.     BACKGROUND ..........................................................................................................2

     A.  SoClean's June 12, 2020 response to Sunset's Interrogatory No. 7 ........................2

     B.  SoClean's July 7, 2020 response to Sunset's request for more detail ....................3

     C.  SoClean's failure to respond to Sunset's requests for more contentions................3

     D.  SoClean's December 3, 2020 supplemental response ............................................3

     E.  Sunset's efforts to meet and confer........................................................................4

III.    LEGAL STANDARD....................................................................................................4

IV.     ARGUMENT.................................................................................................................5

     A.  SoClean's December 3 supplemental interrogatory response identifying numerous new categories of confidential information at the end of fact discovery was not timely ....................................................................................5

        1.  Early disclosure of confidential information is required ............................5

        2.  SoClean did not need Sunset's documents to identify its own confidential information early in the case...................................................6

     B.  SoClean's supplemental response is inadequate........................................................7

        1.  SoClean does not give Sunset fair notice about *what* confidential information SoClean alleges Sunset misused .............................................7

        2.  SoClean cites documents that are public, suggesting that it does not have a good-faith basis for its contentions..................................................8

     C.  Sunset would be prejudiced if SoClean's supplemental response is not stricken...................................................................................................................9

V.      CONCLUSION...............................................................................................................9

## I.      INTRODUCTION

Sunset moves to strike SoClean's December 3, 2020 supplemental contention interrogatory response identifying for the first time numerous categories of confidential information that Sunset purportedly misused. When a plaintiff alleges misuse or misappropriation of confidential information, the plaintiff must identify the specific confidential information that the defendant allegedly misused. Without fair notice of this information at the outset of discovery, the defendant cannot prepare its defense.

When SoClean first responded to Sunset's Interrogatory No. 7 on June 12, 2020, it identified only vague categories of confidential information that Sunset purportedly misused. (Ex. A, Response No. 7.[1]) When asked to provide a more detailed response, SoClean responded on July 7, 2020 to identify only two categories of information: pricing information and information about unreleased products. (Ex. E at 1-2.)

On December 3, however, on the eve of the then-scheduled close of fact discovery, SoClean supplemented its response to Interrogatory No. 7 to identify numerous additional categories of purportedly confidential information that Sunset allegedly misused. (Ex. B.) The supplemental response cites dozens of documents from *Sunset*'s document production. Yet the response does not say exactly what information in those documents constitutes *SoClean*'s confidential information.

The Court should strike SoClean's supplemental response for two reasons. *First*, given the importance in a case like this one of giving fair notice early in the case of the specific confidential information allegedly misused, SoClean's supplemental response was too late. It did not give Sunset a reasonable opportunity to seek discovery to defend against SoClean's

---

[1] All exhibits are attached to the Declaration of John R. Labbe filed herewith.

allegations. SoClean did not need to review Sunset's documents to identify its *own* confidential information that it alleges that Sunset misused. By definition, SoClean knew of its own confidential information at the outset of this case. *Second*, even if SoClean's response was timely, it does not identify with specificity what *SoClean* confidential information Sunset misused. Indeed, numerous documents that SoClean cites in its response can be found on the Internet, making it impossible for Sunset to discern what about this information SoClean contends is confidential.

## II.    BACKGROUND

In addition to alleging patent infringement, SoClean also alleges in this litigation that Sunset breached a Distributor Agreement and committed various torts by misusing SoClean's confidential information that Sunset learned while working as a distributor for SoClean. Due to the importance of understanding the specific confidential information that SoClean alleged that Sunset misused, Sunset served contention interrogatories early in this case seeking this information.

### A.    SoClean's June 12, 2020 response to Sunset's Interrogatory No. 7

Sunset's Interrogatory No. 7 asked SoClean to "identify with particularity each item of 'confidential, proprietary and trade secret information' owned by SoClean" that it contends "has been misappropriated or misused by Sunset." (Ex. A, Interrogatory No. 7.) SoClean responded on June 12 by identifying only vague categories of confidential information: "confidential 'business-related information,' which SoClean will produce during the course of discovery, including information related to SoClean's product development and future product specifications, pricing structure, business strategy, and customer data, among other items." (Ex. A, Response No. 7.) SoClean further stated that it would "produce documents and business records from which the answer to this Interrogatory may be further ascertained." (*Id.*)

**B.      SoClean's July 7, 2020 response to Sunset's request for more detail**

On June 30, Sunset requested a more detailed response. (Ex. D at 1-2.) SoClean

responded on July 7 by reiterating that it would produce documents from which an answer to this

interrogatory "may be further ascertained," and further identifying two categories of confidential

information: "(a) details of upcoming SoClean products, including the appearance and

functionality of the SoClean 3.0 device, and (b) confidential pricing information that Sunset was

privy to solely through its position as a distributor of SoClean products." (Ex. E at 1.)

**C.      SoClean's failure to respond to Sunset's requests for more contentions**

On July 16 and August 21, counsel for Sunset once again wrote to SoClean asking it to

confirm that it had provided all of its relevant contentions. (Exs. F & G.) Sunset reminded

SoClean that "only SoClean knows what contentions it intends to make in this litigation, and to

the extent that SoClean's discovery responses do not give Sunset fair and complete notice of

those contentions, SoClean must supplement its responses." (Ex. G at 1.) Sunset noted that fact

discovery would soon close, and "Sunset intends to move to preclude any late-disclosed

theories." (*Id.* at 2.) After receiving no response to that letter, counsel for Sunset reminded

SoClean of its obligations on both October 27 and November 12. (Ex. H at 1-2.) SoClean finally

responded on November 16, but only to say that with respect to "remaining interrogatories"

(including No. 7), "SoClean has complied with its obligations through its responses to the

interrogatories and in [its] July 9th letter." (Ex. I at 3.) Accordingly, as of November 16, SoClean

confirmed that it did *not* intend to argue that Sunset misused any confidential information other

than that identified in its July 9 letter.

**D.      SoClean's December 3, 2020 supplemental response**

On the eve of the then-scheduled close of fact discovery, SoClean served a supplemental

response to Interrogatory No. 7 identifying seven broad new categories of confidential

3

information that it alleges that Sunset has misused. (Ex. B.) The response cites dozens of

documents from *Sunset*'s production, but does not cite a single document from *SoClean*'s

production, despite SoClean's previous promise to produce documents in response to this

interrogatory. The response does not specify exactly *what* information in the dozens of

documents cited constitutes SoClean's confidential information, and some of the information

cited is publicly available (as discussed further below).[2]

> **E.      Sunset's efforts to meet and confer**

Sunset immediately requested that SoClean withdraw its supplemental response, and

SoClean refused. Counsel for the parties exchanged e-mail messages setting forth their positions,

and met and conferred by phone on December 9. (Ex. J.) Counsel for Sunset noted that SoClean

should have been able to identify its own confidential information at the outset of the litigation,

while counsel for SoClean maintained that it could not identify SoClean's confidential

information without reviewing Sunset's document production. (Ex. J.) The parties were not able

to reach an agreement to resolve this dispute.

## III.     LEGAL STANDARD

The Court may strike interrogatory responses under Fed. R. Civ. P. 37(c)(1) where a

party fails to timely respond to or supplement an interrogatory response. "A party who

breaches . . . the duty to supplement an interrogatory answer 'may not use any undisclosed

material as evidence unless it proves that its failure to disclose was harmless or substantially

justified.'" *AVX Corp. v. Cabot Corp.*, 251 F.R.D. 70, 77 (D. Mass. 2008) (quoting *Morrison

Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1229 n.2 (10th Cir. 1999)).

---

[2] SoClean served additional supplemental interrogatory responses on January 15, 2021, the last
day of fact discovery, but these responses do not supplement SoClean's response to Interrogatory
No. 7. (Ex. C.)

## IV.     ARGUMENT

The Court should strike SoClean's supplemental response to Interrogatory No. 7. *First*, the response is untimely and discloses new categories of confidential information that SoClean had not previously disclosed. *Second*, even if timely, the response does not specifically identify *what* confidential information Sunset misused, and permitting SoClean to rectify this failure at this time would be prejudicial to Sunset.

### A.     SoClean's December 3 supplemental interrogatory response identifying numerous new categories of confidential information at the end of fact discovery was not timely

#### 1.     Early disclosure of confidential information is required

Courts routinely recognize the need for a plaintiff asserting misuse of confidential information to identify with specificity and particularity the allegedly misused confidential information at the outset of the case. "The party asserting the claim must identify with adequate specificity the trade secret or proprietary information that was allegedly misappropriated by the defendant." *Ferring Pharm. Inc. v. Braintree Labs., Inc.*, 38 F. Supp. 3d 169, 175 (D. Mass. 2014). To give a defendant fair notice of a plaintiff's claims, "[p]recise identification of the alleged trade secrets is a crucial component of trade secret litigation." *Iconics, Inc. v. Massaro*, 266 F. Supp. 3d 449, 456 (D. Mass. 2017) (quoting Charles Tait Graves and Brian D. Range, *Identification of Trade Secret Claims in Litigation: Solutions for a Ubiquitous Dispute*, 5 Nw. J. Tech. & Intell. Prop. 68, 68-69 (2006)).

Without early disclosure, "a trade secret litigation plaintiff may 'alter its list of trade secret claims as the case proceeds,' leaving defendants 'spend[ing] months disproving one set of allegations only to face a new, replacement set as the close of discovery nears.'" *Id.* This is exactly the tactic SoClean is attempting to employ in this case.

5

The Massachusetts Uniform Trade Secrets Act (MUTSA) codifies an early-disclosure requirement: "Before commencing discovery relating to an alleged trade secret, the party alleging misappropriation shall identify the trade secret with sufficient particularity under the circumstances of the case to allow the court to determine the appropriate parameters of discovery and to enable reasonably other parties to prepare their defense." Mass. Gen. Laws c. 93, § 42D(b).

Although SoClean bases its misuse claims on an alleged breach of a distribution agreement, (Ex. A, Response No. 7 ¶ 1), the same discovery requirements that apply in trade secret cases apply here due to the same need for early identification of what information Sunset allegedly misused. The Massachusetts Trade Secret Act recognizes that misuse of confidential information can give rise to contractual remedies (as SoClean seeks here), but the statute provides that only information that qualifies as a trade secret according to the statute may be protected, even under a contract theory. Mass. Gen. Laws c. 93, § 42F(b)(1). In other words, although SoClean may seek contractual remedies for misuse of confidential information, it cannot avoid the normal discovery requirements of a trade secret case by refusing to identify the specific confidential information that Sunset allegedly misused.

### 2.     SoClean did not need Sunset's documents to identify its own confidential information early in the case

SoClean did not require discovery from Sunset in order to specifically identify the confidential information that it alleges that Sunset misused. By definition, SoClean's own confidential information has been in its possession since the outset of this case, including any information about SoClean's transmission of that confidential information to Sunset. The caselaw and statute cited above recognize that a plaintiff in this type of case must identify

specific confidential information even before receiving discovery from the defendant. *See, e.g.*,
Mass. Gen. Laws c. 93, § 42D(b).

SoClean's failure to cite *any* of its own documents in its supplemental response, and to
cite only Sunset's production, can only be explained as an attempt to create a pretext for its late
disclosure of information that it had in its possession all along. Naturally, SoClean must possess
documents that reflect its own confidential information and how it provided that information to
Sunset. In its original response to the interrogatory, SoClean promised to produce these
documents. Yet SoClean never supplemented its interrogatory response to cite any of its own
document production.

> **B.     SoClean's supplemental response is inadequate**
>
> **1.     SoClean does not give Sunset fair notice about *what* confidential
> information SoClean alleges Sunset misused**

Even if SoClean's supplemental interrogatory response were timely, it does not give
Sunset fair notice about what confidential information Sunset allegedly misused. SoClean's
general descriptions of purportedly confidential "business" information is not adequate to inform
Sunset of the confidential information that it allegedly misused. For example, general
information about "marketing" including "platitudes" about marketing strategy are not
protectable. *Ferring*, 38 F. Supp. 3d at 176.

Because SoClean only cites to documents from *Sunset*'s document production, it is
impossible for Sunset to understand what information in those documents SoClean claims is
*SoClean*'s confidential information. In citing dozens of documents from Sunset's production,
SoClean has made no effort to identify specific SoClean confidential information.

According to SoClean, the information contained in the dozens of Sunset documents that
SoClean cites was not known to SoClean "prior to receiving these document productions." (Ex. J

at 1.) If that is true, then the information in these documents cannot be SoClean's confidential information. This assertion of SoClean's counsel underscores the inadequacy of the contentions. If SoClean is right that its "outside counsel at Mintz Levin are the only individuals aware of the information contained in these documents," (Ex. J at 1), then by definition, the information cannot be *SoClean*'s proprietary information, and Sunset is left to guess what information SoClean contends is confidential.

        **2.**      **SoClean cites documents that are public, suggesting that it does not have a good-faith basis for its contentions**

Even more troubling (and confusing) is the fact that SoClean's supplemental response includes citations to numerous documents that can be found on the Internet. Each of the public documents listed in the table below are listed in SoClean's response as purportedly confidential SoClean "technical specifications and performance characteristics" (Ex. B at 3):

| Document | Found on the Internet |
|---|---|
| SUNSET_0017004 (Ex. K) | https://www.soclean.com/wp-content/uploads/2018/12/Efficacy-Report-Summarization-for-SoClean-2-NOV2018-1.pdf |
| SUNSET_0017026 (Ex. L) | https://www.nrc.gov/docs/ML1820/ML18207A768.pdf |
| SUNSET_0017029 (Ex. M) | https://ozonesolutions.com/blog/ozone-effects-on-pathogens/ |
| SUNSET_0017038 (Ex. N) | http://assets.sugarmapleinteractive.com/documents/30/Results_of_E_coli.pdf |
| SUNSET_0077663 (Ex. O) | https://www.soclean.com/wp-content/uploads/2018/12/Efficacy-Report-Summarization-for-SoClean-2-NOV2018-1.pdf (last 3 pages) |

Likewise, SoClean's suggestion that agreements with "purchasers of the SoClean device" are confidential is readily disproven by the fact that SoClean's reseller agreement is posted on the SoClean website. (*See* https://www.soclean.com/authorized-reseller-terms-and-conditions.)

Just these examples reveal that SoClean did not make a good-faith effort to investigate the contentions identified in its supplemental interrogatory response, and Sunset should not be put to the burden of responding to these contentions or trying to guess what SoClean means by them.

**C.      Sunset would be prejudiced if SoClean's supplemental response is not stricken**

If SoClean's supplemental response is not stricken, Sunset will be forced to move for summary judgment or go to trial on contentions about confidential information that SoClean has not specifically identified. Without this information, Sunset cannot prepare for summary judgment or trial. If Sunset is able to disprove one theory, SoClean could simply pivot to another one of the many possible theories under its vague contentions. Even if SoClean could have conceivably identified additional confidential information, the time to do so has passed. SoClean should not be permitted to serve a further supplement at this stage of the litigation, and should be limited to the specific categories of confidential information that it identified in its July 9 letter. (Ex. E at 1.)[3]

**V.      CONCLUSION**

For the foregoing reasons, Sunset asks the Court to enter an order striking SoClean's December 3, 2020 Supplemental Response to Interrogatory No. 7. Rather than forcing Sunset to move for summary judgment or go to trial on SoClean's contentions that are untimely, vague, inadequate, and, in some cases, plainly wrong, the Court should strike SoClean's supplemental response.

---

[3] Sunset intends to move for summary judgment with respect to the two categories of information identified in the July 9 letter on the basis that the information is not actually confidential and/or Sunset did not misuse it, possibly among other defenses.

9

Date:  January 22, 2021                    By:  /s/ John R. Labbé
                                                Mark H. Izraelewicz (pro hac vice)
                                                John R. Labbé (pro hac vice)
                                                Michael R. Weiner (pro hac vice)
                                                Thomas R. Burns (pro hac vice)
                                                Marshall, Gerstein & Borun LLP
                                                233 S. Wacker Drive
                                                6300 Willis Tower
                                                Chicago, Illinois 60606
                                                mizraelewicz@marshallip.com
                                                jlabbe@marshallip.com
                                                mweiner@marshallip.com
                                                tburns@marshallip.com

                                                and

                                                Andrea L. Martin (BBO #666117)
                                                Burns & Levinson LLP
                                                125 High Street
                                                Boston, Massachusetts 02110
                                                amartin@burnslev.com

                                                *Attorneys for Defendant,*
                                                SUNSET HEALTHCARE SOLUTIONS, INC.

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I hereby certify that from December 3, 2020 through

December 9, 2020, counsel for Sunset conferred with counsel for SoClean in a good faith effort

to resolve or narrow the issues presented in the foregoing motion. Counsel for SoClean advised

that SoClean will oppose this motion.

/s/ John R. Labbé
John R. Labbé
*Attorney for Defendant,*
SUNSET HEALTHCARE SOLUTIONS, INC.

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on January 22, 2021, I caused a true and correct copy of the foregoing

document to be served on all counsel of record via the Court ECF system.

/s/ John R. Labbé

John R. Labbe

*Attorney for Defendant,*

SUNSET HEALTHCARE SOLUTIONS, INC.
