UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOCLEAN, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10351-IT |
| | * | |
| SUNSET HEALTHCARE SOLUTIONS, | * | **Lead Case** |
| INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

************************************

| | | |
|---|---|---|
| SOCLEAN, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:21-cv-10131-IT |
| | * | |
| SUNSET HEALTHCARE SOLUTIONS, | * | **Consolidated Case** |
| INC., | * | |
| | * | |
| Defendant. | * | |

ORDER ON CLAIM CONSTRUCTION

September 17, 2021

TALWANI, D.J.

Plaintiff SoClean, Inc. ("SoClean") has brought two separate actions against Defendant

Sunset Healthcare Solutions, Inc. ("Sunset"). In the first-filed action, No. 20-cv-10351, Plaintiff

alleged that Sunset infringed two U.S. Patents owned by SoClean: U.S. Patent Nos. 10,434,205

("the '205 Patent") and 10,456,492 ("the '492 Patent"). On July 31, 2020, the court issued an

Order on Claim Construction [#66] construing five terms from the '205 Patent and the '492

Patent. On January 26, 2021, SoClean filed a new action, No. 21-cv-10131. The new action

includes claims of infringement relating to two other SoClean patents: U.S. Patent Nos.

10,722,603 ("the '603 Patent") and 10,842,898 ("the '898 Patent"). Based on the parties' joint

motion, the court consolidated the two actions for all purposes, including additional claim

construction proceedings as to the newly asserted patents. See Order Granting Joint Motion to

Consolidate Cases and Entry of Consolidated Case Schedule [#153].

The parties have identified a single claim term requiring construction: "reservoir." Ex. A,

Joint Claim Construction Statement [#213-1]. The claim term appears in the newly asserted '603

Patent only in asserted claim 1. The '603 Patent shares a common specification with the '205 and

'492 Patents addressed in the court's previous claim construction order and the court accordingly

adopts the discussion of the relevant technology as previous set forth. See Claim Construction

Order 5–6 [#66]. The court likewise applies the previously set forth legal framework to this

claim construction dispute. See id. at 1–5.

## I.    Discussion

Plaintiff asserts infringement of claim 1 of the '603 Patent. See Am. Compl. in No. 21-

cv-10131, ECF No. 5, at 19. Sunset argues that the term "reservoir," as it is used in the claim,

means "water reservoir," whereas SoClean argues that the term needs no construction as it

should receive its plain and ordinary meaning. Ex. A, Joint Claim Construction Statement [#213-

1].

Claim 1 of the '603 Patent reads as follows, with the disputed term emphasized:

> 1. A system comprising:
> a continuous positive airway pressure (CPAP)
>     device;
> an ozone device comprising an ozone operating
>     system and an ozone distribution line;
> a connector unit comprising:
>     a first end comprising a first opening, the first
>         end coupled to a **reservoir** of said CPAP
>         device;
>     a second end comprising a second opening, the
>         second end coupled to a hose of said CPAP
>         device;

a first passageway fluidly coupling the first
   opening and the second opening;
a second passageway; and
a port coupled to the ozone distribution line, the
   port comprising a third opening fluidly
   coupled to the second passageway; and
a compartment configured to receive ozone from
   said hose;
wherein the system is configured such that in
   operation, ozone can flow from said ozone
   distribution line into said **reservoir** via said
   second passageway, and ozone can flow from
   said **reservoir** to said hose via said first
   passageway.

'603 Patent, Ex. A, Labbe Decl. 8:32–53 [#201-1] (emphasis added).

In considering the scope of the claim term "reservoir," the court must consider the '603

Patent's specification as "the patent is an integrated document, with the claims 'pointing out and

distinctly claiming,' 35 U.S.C. § 112, the invention described in the rest of the specification . . .

." Astrazeneca AB, Aktiebolaget Hassle, KBI-E, Inc. v. Mut. Pharm. Co., 384 F.3d 1333, 1337

(Fed. Cir. 2004); see also Musher Found. v. Alba Trading Co., 150 F.2d 885, 888 (2d Cir.1945)

(Hand, J.) ("As in the case of any other claim, a product claim may, and indeed must, be read

upon the specifications: its terms are no more than a shorthand from the fuller explanation which

the specifications should contain."). The '603 Patent's specification strongly suggests that the

claimed "reservoir" is referring to the CPAP device's water reservoir. As Sunset points out, the

'603 Patent's specification universally only refer to a *water* reservoir; there is not a single

embodiment disclosing a reservoir that is not a water reservoir. Indeed, over the course of the

specification, in the thirty-three times that the term "reservoir" appears, it is expressly qualified

as the device's "water" reservoir in all but one instance (which the court discusses further

below). Nevertheless, SoClean argues that because the language of the *claim* only references a

"reservoir," and not a "water reservoir," it would therefore be improper to limit the claim scope

3

in the absence of a clear disclaimer by the patentee. SoClean Mem. 3 [#200] (citing Starhome

GmbH v. AT&T Mobility LLC, 743 F.3d 849, 857 (Fed. Cir. 2014); CCS Fitness, Inc. v.

Brunswick Corp., 288 F.3d 1359, 1366 (Fed. Cir. 2002)). As set forth more fully below,

SoClean's arguments for why the court should not construe the claimed "reservoir" in a manner

congruent with the specification are unpersuasive.

As an initial matter, it is not evident that construing the term "reservoir" to mean "water

reservoir" would limit the scope of the claim as SoClean suggests it would. The court

understands the plain and ordinary meaning of "reservoir" to connote a place where a liquid—

usually water[1]—is stored. SoClean (correctly) argues that where, as here, a term is commonly

understood and has not obtained a special meaning in the art, the court should generally not

attempt to further define the term. SoClean Mem. 4 [#200] (citing Summit 6, LLC v. Samsung

Elecs. Co., 802 F.3d 1283, 1291 (Fed. Cir. 2015) ("[E]ach [term] is used in common parlance

and has no special meaning in the art. Because the plain and ordinary meaning of the disputed

claim language is clear, the district court did not err by declining to construe the claim term.")).

Nevertheless, construction of the term is called for here since Sunset has identified a dispute

between the parties as to the meaning of the term. Namely, Sunset contends, based on SoClean's

infringement contentions, that SoClean is asserting infringement of the "reservoir" claim based

on a definition of reservoir that would include any space or cavity within the CPAP device. See

Sunset Mem. 5 [#198] (citing Labbe Decl. Ex. 4 at 13, 16 [#201-4]). During the claim

construction hearing, SoClean confirmed that it was asserting infringement in this action based

upon its position that the plain and ordinary meaning of reservoir would include anything that

---

[1] SoClean does not argue that Sunset's construction is improperly limiting the scope by
excluding liquids other than water.

can hold a fluid, including a gas. SoClean offers neither intrinsic nor extrinsic evidence to support this argument, which would effectively extend the definition to any space or cavity within the CPAP device.[2] Thus, even though the term "reservoir" may have a common and well-understood meaning to the court, where SoClean has adopted a construction of the term that is not supported by any intrinsic or extrinsic evidence, a clarifying construction is appropriate. See Eon Corp. IP Holdings v. Silver Spring Networks, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (citing O2 Micro International, Ltd. v. Beyond Innovation Technology Co., 521 F.3d 1351, 1360 (Fed.Cir.2008) ("a district court's duty at the claim construction stage is, simply, the one that we described in O2 Micro and many times before: to resolve a dispute about claim scope that has been raised by the parties.").

Moreover, even if construing the term "reservoir" to mean "water reservoir" did limit the claim scope (and the court does not think it does), that limitation would be appropriate here where, as discussed above, the written description nearly without exception describes the claimed reservoir as being the CPAP device's water reservoir. See GPNE Corp. v. Apple, Inc., 830 F.3d 1365, 1370 (Fed. Cir. 2016) ("[W]hen a patent repeatedly and consistently characterizes a claim term in a particular way, it is proper to construe the claim term in accordance with that characterization.") (internal quotation marks omitted); Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) ("the person of ordinary skill in the art is deemed to

---

[2] For this reason, the court rejects SoClean's argument that Sunset has taken inconsistent positions because Sunset did not request construction of the term "reservoir" in the earlier claim construction proceedings. The ambiguity in the term "reservoir," at least as it is used in the '603 Patent, is not intrinsic to the term itself but is the product of SoClean's unsupported assertion that the term "reservoir," as it is used in the '603 Patent, should extend to any cavity within the CPAP device that can hold a gas. That Sunset's request for the court to construe the term only followed SoClean's infringement disclosures was the proper course (indeed, the disclosure obligations of Local Rule 16.6 are, in part, designed to identify latent disputes in claim scope before claim construction proceedings).

read the claim term not only in the context of the particular claim in which the disputed term

appears, but in the context of the entire patent, including the specification.").

  Notwithstanding the above, SoClean contends that there is a disclosed embodiment that

would be improperly excluded by Sunset's proposed construction. SoClean Mem. 6–7 [#200]

(citing Epos Techs. Ltd. v. Pegasus Techs. Ltd., 766 F.3d 1338, 1347 (Fed. Cir. 2014)). Namely,

SoClean points to a portion of the specification that describes an embodiment in Figure 7. Id.

That portion of the specification reads, in pertinent part: "Heating the hose 724 helps prevent

condensation of water vapor in the hose 724, while administering ozone to the CPAP reservoir

and hose in accordance with the present embodiment automatically disinfects the CPAP machine

and prevents bacterial and mold build-up." '603 Patent, 6:46–51 (emphasis added). SoClean

contends that Sunset's construction would "exclude this embodiment" since the specification

refer to "the CPAP reservoir" as opposed to "the CPAP water reservoir." SoClean Mem. 6

[#200]. This argument is without merit; the cited reference to a "CPAP reservoir" is not

associated with any embodiment of the invention that includes a reservoir that is not water-filled.

Instead, the embodiment describes a separate part of the invention (the heated CPAP connector

unit) that does not include a reservoir at all.[3] Moreover, where the cited portion of the

specification refers to "the CPAP reservoir," indicating that "CPAP reservoir" has an antecedent

basis in the written description, and where the only prior references to a reservoir in the

specification are to CPAP "water reservoirs," the necessary inference is that "CPAP reservoirs"

---

[3] Not only does the embodiment disclosed in Figure 7 not suggest anything other than a water-filled reservoir, but it actually hints at the presence of a water-filled reservoir as the disclosed heating system is designed to "help prevent the condensation of *water* vapor." '603 Patent, 6:47 (emphasis added).

and "CPAP water reservoirs" are used interchangeably, consistent with Sunset's proposed construction of the term.

## II.    Conclusion

For the reasons stated above, the court construes the term "reservoir" to mean "water reservoir."

IT IS SO ORDERED.

Date: September 17, 2021                                             /s/ Indira Talwani
                                                                     United States District Judge